IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK BREINER DDS, LLC, and<br>EMSCULPT OF CT, L.L.C<br><br>Plaintiffs,<br><br>VS.<br><br>BTL INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No.: Case No. 24-cv-12413-FDS<br><br>Jury Trial Demanded |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (LEAVE TO FILE GRANTED ON FEBRUARY 5, 2025)**

Plaintiffs, MARK BREINER DDS, LLC and EMSCULPT OF CT, L.L.C, by and through their undersigned attorneys, replies to Defendant BTL Industries, Inc.'s Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, and states as follows:

**INTRODUCTION**

1. On or about January 10, 2025, Plaintiffs filed their Motion for Leave to File Amended Complaint ("Plaintiffs' Motion"), seeking to address factual and legal issues raised by the Defendant in the Motion to Dismiss filed on or about November 27, 2024.

2. On or about January 24, 2025, Defendant filed its Opposition to Plaintiffs' Motion ("Defendant's Opposition"), incorrectly arguing that the amendments are futile, prejudicial to BTL, and contain arguments that were waived by Plaintiffs. Defendant also wrongly argues that Plaintiffs' Motion is untimely.

## ARGUMENT

### A. Standard

3. Rule 15 provides that "a party may amend its pleading with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). Furthermore, allowing Plaintiffs to amend its Complaint would serve justice and promote judicial efficiency. "Leave to Amend must be granted unless equitable considerations render it otherwise unjust "*Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir 2006). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of Amendment." *Heyl & Patterson Int'l Inc. v. F.D. Rich Housing of V.I. Inc.*, 663 F.2d 419, 425 (3d Cir 1981).

4. In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing & Transp. Co*., 443 F.3d 122, 126 (1st Cir. 2006). In order to withstand a motion to dismiss, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). "The complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Turnley v. Banc of Am. Inv. Servs., Inc.,* 576 F. Supp. 2d 204 (D. Mass. 2008) (citations omitted).

### B. Plaintiffs' Proposed Amendments Are Not Futile.

#### a. *The Amended Complaint Sufficiently States a Claim for Fraud.*

5. Defendants allege that the proposed amendments regarding Plaintiffs' fraud claim are futile because (1) the fraud claim is barred by the statute of limitations; (2) the new factual

allegations remain unactionable puffery; and (3) Plaintiffs do not identify the speakers or demonstrate the speakers' knowledge that the statements were false.

6.  First, Plaintiffs' claim for fraud is not barred by the statute of limitations as Defendant wrongly argues. In its Opposition, Defendant refers to its arguments detailed in its Motion to Dismiss to argue that the statute of limitations bars Plaintiffs' fraud claims because Defendant's misrepresentations were made on or about May 5, 2021 and the initial Complaint was filed more than three years later, May 8, 2024. Defendant correctly states that the statute of limitations for fraud in Massachusetts is three years from accrual; however, Defendant is mistaken as to when accrual occurs. *See* G.L. c. 260, § 2A. It is well-established that accrual takes place when the "plaintiff learns or should have learned that he has been injured," not when the misrepresentations were made. *Albrecht v. Clifford*, 436 Mass. 706,714 (2002). The alleged misrepresentations concern the marketability of Defendant's products, as such Plaintiffs could not have discovered the fraud until after Plaintiffs began selling the products. In any event, when the accrual actually occurred is a question of fact to be resolved by the fact-finder and not appropriate when ruling on the sufficiency of the proposed Amended Complaint. *Duke v. Cmty. Health Connections, Inc.,* 355 F. Supp. 3d 49 (D. Mass. 2019)("While what constitutes the accrual of a cause of action is a question of law, when accrual actually occurred in a particular case is a question of fact to be resolved by the fact-finder.").

7.  Next, Defendant argues that the amendments are futile as they allege non-actionable puffery.[1] Non-actionable puffery are "general statements about big-picture concepts

---

[1] To support this contention, Defendant cites case law concerning securities fraud, instead of fraud in the inducement as alleged in the instant action. *See, e.g., Wasson v. LogMeIn, Inc.,* 496 F. Supp. 3d 612, 633–634 (D. Mass. 2020); *see also In re Bos. Sci. Corp. Sec. Litig.,* No. CIV.A. 10-10593-DPW, 2011 WL 4381889, at *12 (D. Mass. Sept. 19, 2011), *aff'd*, 686 F.3d 21 (1st Cir. 2012).

such a trust, security, reputation, and safety." *Costa v. FCA US LLC,* 542 F. Supp. 3d 83 (D. Mass. 2021). The misrepresentations at issue do not concern any such big-picture concepts, but the marketability and profitability of Defendant's products. *See id.* Furthermore, the alleged misrepresentations were not "optimistic, vague projections of future success" or "lacking in specificity." *In re Access Cardiosystems, Inc.,* 404 B.R. 593 (Bankr. D. Mass. 2009), *aff'd*, 488 B.R. 1 (D. Mass. 2012). Instead, they were statements of fact that were material to Plaintiffs' reasonable analysis of Plaintiffs' prospects. *See Cummings v. HPG Int'l, Inc.,* 244 F.3d 16, 21 (1st Cir.2001) ("As a general proposition, in Massachusetts "only statements of fact are actionable . . ."); *see NPS, LLC v. Ambac Assur. Corp.,* 706 F. Supp. 2d 162 (D. Mass. 2010) ("When a company makes a kind of general, rosy affirmation, these statements are puffery and cannot have been material to any reasonable analysis of the company's prospects."). For example, Defendant's alleged misrepresentations made to induce Plaintiffs into purchasing Defendant's products include, but are not limited to, the following: (i) Emsculpt® and/or Emsculpt NEO® purchases have an average payoff of four to five months; (ii) Emsculpt® and/or Emsculpt NEO® is the number one requested service in all of aesthetic and wellness right now; (iii) it is the number one device in the industry; and, (iv) Emsculpt® and/or Emsculpt NEO® brings in 51% more new patients to practices. *See* Am. Compl. at ¶ 15. Accordingly, the misrepresentations at issue are not puffery, but specific and actionable statements of facts.

8. Lastly, Defendant briefly states that the proposed amendments are futile because the proposed Amended Complaint does not allege the identity of the speakers of the misrepresentations or that they knew or should have known the statements were false. This is not true. The proposed Amended Complaint alleges that BTL, in other words, its agents – as a company can only speak through its agents, was the speaker of the statements. Further, the proposed

4

Amended Complaint attached the contract which states the identities of the BTL representatives. The proposed Amended Complaint further clearly states that the statements were made "knowingly and intentionally" and to mislead and lie to Plaintiffs. Am. Compl. at ¶ 15. Therefore, the proposed amendments are not futile, and the proposed Amended Complaint sufficiently states a claim for fraud.

> b. *Plaintiff's Proposed Amended Complaint Sufficiently Alleges Defendant Engaged in Unfair or Deceptive Trade Practices and Antitrust Violations in Massachusetts and Connecticut.*

9.  The parties' contract contains a choice-of-law clause requiring that the contract and all matters arising from or in connection with the contract be "governed by, interpreted under, contrasted and enforced in accordance with the laws of the Commonwealth of Massachusetts, without regard to the conflicts of law principles thereof." As such, Plaintiffs have brought claims under Massachusetts' Unfair Trade Practices Act and Massachusetts' Antitrust Act. However, to bring an action under the Massachusetts Unfair Trade Practices Act and Massachusetts Antitrust Act the complained-of actions must have occurred primarily, substantially, or predominantly in Massachusetts. Accordingly, Plaintiffs also bring claims under Connecticut's Unfair Trade Practice Act.

10. Now, Defendant attempts to thwart Plaintiffs' day in court by arguing that Plaintiffs' are barred from suing under both Massachusetts state law and Connecticut state law, which would clearly violate Plaintiffs' due process, rendering the choice of law provision unreasonable and unjust. *See Duggan v. Martorello*, 596 F. Supp. 3d 158 (D. Mass. 2022) (contractual choice of law and forum selection clauses are unenforceable if "enforcement is unreasonable and unjust" or "contravenes a strong public policy of the forum in which suit is brought, whether declared by

5

statute or judicial decision"). As Plaintiffs assert that the choice of law provision is unenforceable, Plaintiffs may bring their claim for violation of Connecticut's Unfair Trade Practices Act.[23]

11. In the event that the choice-of-law clause is not deemed unenforceable, Plaintiffs should be able to bring claims under Massachusetts' Unfair Trade Practices Act and Massachusetts' Antitrust Act by arguing that the choice-of-law provision brings the complained-of actions within the jurisdiction of the Commonwealth of Massachusetts and actionable under Massachusetts' Unfair Trade Practices Act and Massachusetts' Antitrust Act.

### c. *Plaintiffs' New Claim for Violation of the Robinson-Patman Act is Sufficiently Alleged in the Amended Complaint.*

12. Subsection (a) of the Robinson-Patman Act, 15 U.S.C § 13 states that:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce or to injure, destroy or prevent competition with any person who either grants or knowingly receives the benefits of such discrimination, or with customers of either of them.

---

[2] Defendant wrongly argues that Plaintiffs' claim for violation of Connecticut's Unfair Trade Practices Act is time-barred for the same reasons Plaintiffs' fraud claim is time-barred. As stated above, Plaintiffs' fraud claim is not barred by the statute of limitations because Defendant wrongly applies the law in determining when accrual occurred. Further, when accrual occurred is a question of fact not to be determined at this juncture.

[3] Defendant also incorrectly argues that Plaintiffs' claim for violation of Connecticut's Unfair Trade Practices Act is barred by judicial estoppel because Plaintiffs voluntarily dismissed this claim without prejudice less than a year ago. Plaintiffs are legally entitled to timely refile claims they voluntarily dismissed without prejudice and cannot be barred by incorrectly asserting judicial estoppel. *See RFF Family P'ship, LP v. Ross*, 814 F.3d 520 (1st Cir. 2016)("Judicial estoppel is an equitable doctrine that prevents a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding.").

13. Defendant asserts that Plaintiffs' claim fails because Plaintiffs have not alleged that BTL charges different prices to different customers for Defendant's products. This assertion is ignorant of the basic allegations set forth in the Amended Complaint as the Amended Complaint clearly alleges that Defendant charges customers different prices depending on whether the customer advertises prices for the customer's services using Defendant's product below or above Defendant's minimum price. Am. Compl at ¶¶ 22-23. Specifically, <u>Defendant charges double the amount for the exact same products</u>, particularly, the consumables that are necessary to operate Defendant's products like the Emsculpt NEO. *Id.*

14. Next, Defendant cites *F.T.C. v. Anheuser-Busch, Inc.,* 363 U.S. 536, 80 S. Ct. 1267, 4 L. Ed. 2d 1385 (1960) and states that price discrimination is only one element of a violation of the Robinson-Patman Act, without arguing or asserting any other element Plaintiffs failed to allege. Despite Defendant's failure to assert any relevant argument relating to this statement, Plaintiffs acknowledge that for price discrimination to be illegal, the effect of the price "differences may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of the price differential, or with customers of either of them." *See F.T.C. v. Anheuser-Busch, Inc.,* 363 U.S. 536, 80 S. Ct. 1267, 4 L. Ed. 2d 1385 (1960) (citations omitted). The Robinson-Patman Act protects primary-line competition and secondary-line competition. Here, the proposed Amended Complaint sufficiently alleges a violation of the Robinson-Patman Act because it alleges that Defendant's price discrimination lessens secondary-line competition; that is, competition amongst the buyers of Defendant's products, specifically, businesses providing aesthetic services. Am. Compl. at ¶ 95; *see Monahan's Marine, Inc. v. Boston Whaler, Inc.*, 866 F.2d 525 (1st Cir. 1989) (holding that the Robinson-Patman Act forbids sellers to discriminate in

price between different purchasers of commodities, protecting those who compete with a favored seller).

15. Defendant also attempts to keep out Plaintiffs' meritorious claim for violation of the Robinson-Patman Act by misapplying *Coastal Fuels Inc. v. Caribbean Petroleum Corp.*, 990 F.2d 25 (1st Cir. 1993). Defendant falsely claims that the *Coastal Fuels Inc. v. Caribbean Petroleum Corp.* case holds that the Robinson-Patman Act does not forbid price differences when the differences reflect different contract terms. Instead, the case states that "[t]he Robinson–Patman Act does not prohibit volume-related price differences that <u>reflect genuine cost differences</u>. Nor does it prohibit price differences between spot sales and long-term contract sales that <u>reflect different market conditions</u>." (citations omitted) (emphasis added). As such, the exceptions to price discrimination are not when they simply reflect different contract terms but when a genuine procompetitive justification underlies these contract terms such as genuine cost differences or different market conditions. Here, Defendant's price discrimination does not reflect either genuine cost differences or different market conditions but is purely retaliatory and for the purpose of punishment. Am. Compl. at ¶¶ 94-95.

16. Accordingly, Plaintiffs' claim for violation of the Robinson-Patman Act is sufficiently plausible and far from futile.[4]

---

[4] Plaintiffs address here Defendant's passing arguments for which Defendant has failed to provide any supporting case law. First, Defendant argues that Plaintiffs' claim for violation of the Robinson-Patman Act fails because Defendant "offers all of its customers the opportunity to participate in the MAP and receive the associated benefits," but this is does not fall under an exception to price discrimination detailed in the *Coastal Fuels Inc. v. Caribbean Petroleum Corp.* case, and definitely does not offer any procompetitive justification for the price discrimination. Another passing argument made by Defendant – unsupported by any case law cited by Defendant – is that Plaintiffs can purchase the products that Defendant discriminately prices from other suppliers. Again, this does not fall under an exception to price discrimination and does not bar Plaintiffs' claim.

### C. Plaintiffs' Proposed Amendments Are Not Prejudicial to Defendant.

17. Defendant complains that allowing the proposed amendments would prejudice Defendant because it would require Defendant to file a motion to dismiss in response to the proposed Amended Complaint. This is not prejudice, but a normal, everyday expense of litigation. Regardless, Defendant has already asserted its arguments against the proposed Amended Complaint in its prior motion to dismiss and its Opposition. *See Spaulding v. Citifinancial Servicing, LLC,* No. CV 16- 30173-MGM, 2018 WL 1698263, at *2 (D. Mass. Apr. 6, 2018)("[W]here the question of futility is raised in opposition to a motion for leave to amend a complaint, the proposed amended complaint must satisfy the Rule 12(b)(6) standard."). Accordingly, Defendant cannot demonstrate any real prejudice it would suffer as a result of the proposed amendments. On the other hand, Plaintiffs will be severely prejudiced if they are prevented from asserting the additional allegations necessary for a full determination of the merits of this action.

### D. Plaintiffs' Motion for Leave to Amend the Complaint to Address Defendant's Motion to Dismiss Instead of Opposing the Motion to Dismiss is Not Undue Delay, Nor Does it Waive Plaintiffs' Arguments.

18. Defendant's last "Hail Mary" argument is that Plaintiffs' good faith effort to resolve issues raised in Defendant's Motion to Dismiss and move this case forward by seeking to amend their Complaint should be the very reason the Court should not permit Plaintiffs to amend their Complaint. This argument seeks to punish Plaintiffs' attempt to cooperate with Defendant and attempt to avoid court intervention. Plaintiffs' proposed Amended Complaint does not add new material factual allegations but seeks to clarify and rectify some of the legal issues raised by Defendant in an effort to bring this case at issue. Accordingly, Plaintiffs' proposed amendments should not be barred.

## CONCLUSION

19.     For the reasons detailed above, Plaintiffs respectfully requests that the Court enter an Order granting Plaintiffs' Motion for Leave to Amend Complaint, deeming the Amended Complaint, attached to Plaintiffs' Motion as Exhibit A, filed as of the date of an Order entered granting this motion, and for any and all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February 2025, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all counsel of record.

Respectfully submitted by:

/s/ Marian A. Kornilowicz
Marian A. Kornilowicz (BBO# 277680)
COHEN, SEGLIAS PALLAS,
GREENHALL & FURMAN, P.C.
1600 Market St., 32nd Floor
Philadelphia, PA 19103
Tel.: 215-564-1700
mak@cohenseglias.com


/s/ Ariane Wolinsky
Gary N. Mansfield (Admitted *PHV*)
David Stone (Admitted *PHV*)
Ariane Wolinsky (Admitted *PHV*)
MANSFIELD BRONSTEIN & STONE, LLP
200 E. Broward Blvd., Suite 1250
Fort Lauderdale, FL 33301
Tel: 954-601-5600
litigation@mblawpa.com
*Attorneys for Plaintiffs*