UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK BREINER DDS, LLC, and ) <br> EMSCUPLT OF CT, L.L.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BTL INDUSTRIES, INC., ) <br> ) <br> Defendant. ) | Civil Action No. <br> 24-12413-FDS |

### MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**SAYLOR, C.J.**

Plaintiffs Mark Breiner DDS, LLC, and Emsculpt of CT, L.L.C., brought this action seeking equitable and monetary relief against defendant BTL Industries, Inc. The complaint alleges that defendant engaged in unfair and deceptive business practices in the sale of certain "body-sculpting" equipment to plaintiffs. The complaint also asserts claims against defendant for breach of contract, breach of the duty of good faith and fair dealing, violation of antitrust law, fraud, and unjust enrichment.

On November 27, 2024, defendant filed a motion to dismiss for failure to state a claim.

On January 10, 2025, plaintiffs filed a motion for leave to file an amended complaint. Defendant filed an opposition to that motion on January 24, 2025.

In general, courts "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court need not grant a motion to amend when there is "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel.*

*Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A district court evaluating a motion for leave to amend a complaint "must consider the totality of the circumstance[s]."  *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013).

Here, plaintiffs seek to address factual and legal issues raised in the motion to dismiss and add an additional cause of action against defendant that is related to the same set of factual allegations.  There has not been undue delay on plaintiffs' part sufficient to require denial of the motion, as they moved to amend less than four months after filing the complaint and less than two months after defendant moved to dismiss.  *See, e.g.*, *Springer v. Spencer*, 2014 WL 2515694, at *5 (D. Mass. June 3, 2014) (stating that the filing of a motion to amend more than one year after filing suit did not constitute undue delay).  Nor is there any basis to believe that plaintiffs have acted in bad faith.  Although, as defendant notes, plaintiffs have had previous opportunities to amend their complaint, that is "one data point to be taken into account" and does not necessarily render amendment impermissible.  *See Nikitine*, 715 F.3d at 390.  In any event, defendant will face minimal, if any, prejudice from allowing the amendment.  There may be slight delay in the resolution of the case, but not to the extent that would constitute undue prejudice.  *See Springer*, 2014 WL 2515694, at *5.  Finally, and without expressing an opinion as to the merits of the motion to dismiss, the Court cannot say that the proposed amendments are so obviously futile that denial of the motion to amend is clearly required.  Plaintiffs' motion for leave to file an amended complaint will therefore be granted.

In the interest of promoting efficiency, the Court will deem the November 27, 2024 motion to dismiss filed by defendant applicable in its entirety to the amended complaint.  Defendant may also file a supplement to its motion to dismiss within 21 days of the entry of this

order (that is, by May 5, 2025).  Plaintiffs must file any opposition within 14 days of the filing of any supplement by defendant or, if no supplement is filed, 28 days after the entry of this order (that is, by May 12, 2025).

Accordingly, and for the foregoing reasons, plaintiff's motion for leave to amend the complaint is GRANTED.  The amended complaint shall be deemed in effect as of the date of this order, April 14, 2025.

**So Ordered.**

Dated:  April 14, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court