IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK BREINER DDS, LLC and EMSCULPT OF CT, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> BTL INDUSTRIES, INC., <br><br> Defendant. | Case No. 1:24-CV-12413-FDS |

**DEFENDANT BTL INDUSTRIES, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant BTL Industries, Inc. ("BTL") submits this Supplemental Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to the Court's April 14, 2025 Order [Dkt. 26]. Plaintiffs' existing causes of action were deficient when filed and remain deficient in their Amended Complaint. BTL stands on the arguments set forth in its Motion to Dismiss as to Count IV (Breach of Contract), Count V (Breach of the Duty of Good Faith and Fair Dealing), and Count VIII (Unjust Enrichment), which are not meaningfully altered by Plaintiffs' additions in the Amended Complaint. BTL supplements its arguments made as to Count I (Massachusetts Unfair Trade Practices), Count III (Massachusetts Antitrust Act), and Count VII (Fraud), which have been updated by Plaintiffs' amendments, but remain deficient and subject to dismissal.

Plaintiffs added two new causes of action to the Amended Complaint: Count II (Connecticut Unfair Trade Practices Act) and Count VI (Robinson-Patman Act). Both should be dismissed as a matter of law for failure to state a claim. Plaintiffs' cause of action for violation of the Connecticut Unfair Trade Practices Act is barred by the statute of limitations and by the parties' choice of law provision. In addition, Plaintiffs should be judicially estopped from reinstating the

Connecticut Unfair Trade Practices Act because it was previously pled in their Connecticut state court complaint and voluntarily dismissed before the action was filed in this Court. Plaintiffs' cause of action for violation of the Robinson-Patman Act also should be dismissed because Plaintiffs do not allege facts sufficient to make a prima facie case for a violation of the Act.

For all of the reasons set forth in its Memorandum of Law in support of its Motion to Dismiss [Dkt. 15], the Opposition to Plaintiffs' Motion to Amend [Dkt. 22], and those set forth below, BTL respectfully requests that the Court dismiss Plaintiffs' Amended Complaint and enter judgment in favor of BTL.

I. SUPPLEMENTAL ARGUMENT

    A. **Plaintiffs' Factual Amendments Do Not Establish the Jurisdictional Requirements for their M.G.L. Ch. 93A and Massachusetts Antitrust Act Claims.**

Plaintiffs' new jurisdictional allegations set forth in the Amended Complaint fail to resolve the deficiencies identified in BTL's original Motion to Dismiss because it remains clear that the allegedly wrongful conduct and harm did not occur "primarily and substantially" in Massachusetts. *See* Dkt. 17, Def.'s Mem. of Law at 6-7 (collecting case law mandating that plaintiff establish that "the center of gravity of the circumstances that give rise to the claim" occurred "primarily and substantially" within Massachusetts).

The center of gravity analysis is not formulaic and instead takes into consideration numerous facts, including where the allegedly deceptive acts and practices occurred, where the plaintiff received and acted upon such practices, and where the plaintiff's losses occurred. *See Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 438 Mass. 459, 781 N.E.2d 787, 798–99 (2003). Dismissal at the pleadings stage may be appropriate where, as here, the plaintiff fails to allege that it suffered a loss within Massachusetts. *See, e.g.*, *Parexel Int'l LLC v. PrisymID Ltd.*, No. 23-CV-12381-ADB, 2024 WL 3471930, at *6–7 (D. Mass. July 19, 2024) (granting motion to

dismiss 93A claims for failure to allege the center of gravity of the circumstances is primarily and substantially in Massachusetts); *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 12283921, at *8–9 (D. Mass. Oct. 14, 2021), *report and recommendation adopted sub nom. CBC Wind UP, Inc. v. Greenberg*, No. CV 19-30032-MGM, 2022 WL 2387886 (D. Mass. Feb. 11, 2022) (same); *Bruno Int'l Ltd. v. Vicor Corp.*, No. CV 14-10037-DPW, 2015 WL 5447652, at *19 (D. Mass. Sept. 16, 2015) (same).

Here, the "center of gravity" in Plaintiffs' Amended Complaint is in Connecticut, where Plaintiffs are citizens and conduct business, where Plaintiffs claim to have been subject to BTL's sales pitch, and where Plaintiffs entered into sales agreements with BTL and received BTL devices. Am. Compl. ¶¶ 4, 5, 13, 15. Plaintiffs' new allegations in paragraphs 62-63 of the Amended Complaint attempt to shift the "center of gravity" from Connecticut to Massachusetts, where BTL is headquartered and where it allegedly created its sales strategy and sales documents. *Id.* ¶ 62. Plaintiffs also allege "[u]pon information and belief" that BTL must have made similar sales statements to unidentified purchasers located somewhere in Massachusetts. *Id.* ¶ 63. These allegations are not sufficient to show Plaintiffs were subject to wrongful conduct and suffered harm *in Massachusetts*. Accordingly, the Court should dismiss Count I (Mass. Unfair Trade Prac. Statute) and Count II (Mass. Antitrust Act) of the Amended Complaint.

### B. Plaintiffs' Fraud Claim is Barred by the Statute of Limitations, Alleges Only Puffery, and Lacks Requisite Specificity to Satisfy Rule 9(b).

As detailed in BTL's original Motion to Dismiss, Plaintiffs' fraud claim is barred by the three-year statute of limitations applicable to such claims in Massachusetts. *See* M.G.L. ch. 260, § 2A; *see also* Dkt. 17, Def.'s Mem. of Law at 4, 16 (detailing that Plaintiffs' original action was filed three days after the statute of limitations expired). None of Plaintiffs' amendments address this deficiency. Accordingly, Plaintiffs' fraud claim is time-barred.

Plaintiffs' fraud claims also remain substantively deficient. Paragraph 15 of the Amended Complaint illustrates the alleged misrepresentations made to Plaintiffs, including that "Emsculpt NEO® is the holy grail and, like death and taxes, Emsculpt NEO® is a certainty in life"; that Emsculpt and Emsculpt NEO "is a very hot brand because patients are asking for it" and it is "number one"; and that other BTL providers were making "good money." These statements are quintessential examples of the type of "commercial optimism," "sales talk," and "puffery" that courts consistently deem non-actionable. *See* Defs. Mem. of Law at 17 (collecting cases). Additionally, these statements must be considered in the context of a commercial transaction, rather than a transaction with an unsophisticated consumer. Dr. Breiner, as a long-practicing dentist and holistic medicine business owner, is precisely the type of sophisticated buyer who is expected to conduct due diligence and verify claims before entering into a significant commercial transaction. In this context, the alleged statements about profitability and market position are even more clearly non-actionable puffery.

Finally, the Amended Complaint still fails to satisfy Rule 9(b)'s particularity requirement. Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud." *See* Defs.' Mem. of Law at 17 (citing cases). The new allegations in the Amended Complaint fail to identify the specific individual(s) who allegedly made the fraudulent statements. Moreover, they fail to allege that these unidentified speakers knew or should have known that their statements were false when made—a critical element of fraudulent intent or scienter. *See Holland v. Select Portfolio Servicing, Inc.*, 299 F. Supp. 3d 271, 275–276 (D. Mass. 2018) (dismissing fraud and ch. 93A claims for failure to plead same with sufficient particularity, noting that "courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that

make it reasonable to believe that defendant knew that a statement was materially false or misleading." (citing *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (quotations and citations omitted)). This lack of particularity regarding the "who" and the "scienter" elements of fraud renders the Amended Complaint insufficient under Rule 9(b)'s heightened pleading standard.

> C. **Plaintiffs' Connecticut Unfair Trade Practices Act Claim is Time-Barred, Contractually Barred, and Should be Barred by Judicial Estoppel.**

Plaintiffs' Amended Complaint re-instates a cause of action that had been included in their original action filed in Connecticut state court. The claim fails as a matter of law because it is both time-barred and contractually barred by the parties' choice-of-law provision. In addition, Plaintiffs should be judicially estopped from re-raising a claim they voluntarily dismissed.

First, Plaintiffs' CUTPA claim in the Amended Complaint fails because it is time-barred. The CUTPA statute of limitations is three years. Conn. Gen. Stat. § 42-110g(f). Plaintiffs' CUTPA claims are premised upon the same facts as his other claims, i.e. that Dr. Breiner was allegedly fraudulently induced to purchase body sculpting equipment and ultimately was disappointed by his lack of success in selling body sculpting services. *See e.g.* Dkt. 21-1 ¶ 28. However, Plaintiffs' claims under the CUTPA are time-barred because Dr. Breiner signed the purchase agreement for the Emsculpt NEO on May 5, 2021, but he did not file his initial lawsuit in Connecticut[1] until May 8, 2024—three years and three days after the transaction. Dkt. 21-1 ¶ 15; Dkt. 21-2 at 1; CT Dkt. 1. The alleged representations made by BTL that form the basis of Plaintiffs' CUTPA claim necessarily must have occurred on or before the devices were purchased on May 5, 2021. Accordingly, Plaintiffs' CUTPA claim fails because it was not timely asserted, for the same reason Plaintiffs' fraud claim fails. *See* Dkt. 15-1 at (II)(H)(1).

---

[1] *Breiner DDS, LLC et al v. BTL Industries, Inc.*, No. 3:24-cv-01002-KAD (D. Conn.) ("CT Dkt.")

Second, Plaintiffs' CUTPA claim is barred by the parties' contractual choice of law clause in the Sales Agreements that give rise to Plaintiffs' claims. In these Agreements, the parties agreed that Massachusetts law would govern all ensuing claims. See CT. Dkt. 16-1 at 10. Plaintiffs' CUTPA claim directly contradicts these governing choice of law provisions. It is well-settled law in Massachusetts that "courts routinely enforce choice-of-law provisions unless the law chosen violates established public policy or bears no reasonable relationship to the contractual transaction between the parties." *Lambert v. Kysar*, 983 F.2d 1110, 1118 (1st Cir. 1993). Plaintiffs' Amended Complaint does not set forth any basis for disregarding the parties' agreed-upon choice of law provision, nor could they plausibly do so. Accordingly, Plaintiffs' attempt to assert a claim under Connecticut law must fail.

Third, Plaintiffs' CUTPA claim should be barred by the doctrine of judicial estoppel. "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000)). This doctrine applies where a party is "playing fast and loose with the court." *See Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). Plaintiffs initially asserted a CUTPA claim in their Connecticut action, then voluntarily dismissed that action and filed a new complaint in Massachusetts that omitted the CUTPA claim. *Compare* Pl.'s CT Compl. *with* Dkt. 1, Compl. Only after BTL identified deficiencies in their Massachusetts claims did Plaintiffs seek to resurrect their previously abandoned CUTPA claim. This procedural maneuvering epitomizes the type of "fast and loose" conduct that judicial estoppel is designed to prevent. *See Patriot Cinemas, Inc.*, 834 F.2d at 212–215 (finding that judicial estoppel barred the plaintiff from changing the position it previously took in a prior state court proceeding).

The Court should dismiss Count II of Plaintiffs' Amended Complaint for failure to state a claim.

### D. Plaintiffs' Robinson-Patman Act Claim Fails Because Plaintiffs Do Not Plausibly Allege Price Discrimination.

Plaintiffs' barebones claim under the Robinson-Patman Act fails as a matter of law because Plaintiffs have not made a prima facie showing of actionable price discrimination.

In general, the Robinson-Patman Act prohibits price discrimination "between different purchasers of commodities of like grade and quality" 15 U.S.C. § 13(a). A viable claim requires a showing that the alleged price discrimination may substantially lessen competition or tend to create a monopoly. *Id.*; *see also Shell Co. (P.R.) v. Los Frailes Serv. Station*, 605 F.3d 10, 25 (1st Cir. 2010). The Act requires competitive harm, not merely harm to individual competitors. *See Seacoast Motors of Salisbury, Inc. v. DaimlerChrysler Motors Corp.*, 271 F.3d 6, 10 (1st Cir. 2001) ("Antitrust law protects competition, not competitors") (citation omitted).

Moreover, not all price differences amount to a violation of the Act. *See Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 220 (1993) ("Congress did not intend to outlaw price differences that result from or further the forces of competition."). If a lower price is available to all purchasers on equal terms to all competitors, there is no violation. *See, e.g.*, *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 866 (6th Cir. 2007); *Edward J. Sweeney & Sons, Inc. v. Texaco, Inc.*, 637 F.2d 105, 122 (3d Cir. 1980); *FLM Collision Parts, Inc. v. Ford Motor Co.*, 543 F.2d 1019, 1025–26 (2d Cir. 1976) ("[E]ven when a seller has a dual pricing system, if the lower price is available to all purchasers, not only in theory but in fact . . . there is no violation" (*citing FTC v. Morton Salt Co.*, 334 U.S. 37, 42 (1948))).

Plaintiffs allege pricing discrimination between purchasers who participate in the Marketing Advantage Program ("MAP") and those who do not participate in MAP. Plaintiffs

concede (1) MAP is uniformly applied (*see* Am. Compl. ¶ 19 (MAP "is uniformly mandated and applied throughout all U.S. markets by BTL")); and (2) they initially participated in MAP and received the associated benefits, then later voluntarily withdrew from MAP, *id.* ¶ 54. In short, Plaintiffs are subject to a price difference only because they have voluntarily opted out of BTL's MAP and its benefits. Because the Complaint acknowledges that BTL's lower prices are available to all purchasers on equal terms to all competitors, Plaintiffs have not alleged a cognizable violation of the Robinson-Patman Act.

**II.     Conclusion**

For the foregoing reasons, as well as those set forth in BTL's original Motion to Dismiss, Plaintiffs' Amended Complaint fails to state claims upon which relief can be granted. Accordingly, BTL respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice.

Dated: May 5, 2025                                   Respectfully submitted,

                                                     BARNES & THORNBURG LLP

                                                     /s/ *Samantha Peters*
                                                     Molly Flynn (Admitted *Pro Hac Vice*)
                                                     Samantha Peters (BBO No. 705783)
                                                     One Marina Park Drive, Suite 1530
                                                     Boston, MA 02210
                                                     Molly.Flynn@btlaw.com
                                                     Samantha.Peters@btlaw.com

                                                     *Counsel for Defendant BTL Industries, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document, filed through the ECF system, will be sent electronically to the registered participants of record as defined in the Notice of Electronic Filing (NEF).

                                              */s/ Samantha Peters*
                                              Samantha Peters