**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK BREINER DDS, LLC and EMSCULPT OF CT, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> BTL INDUSTRIES, INC., <br><br> Defendant. | Case No. 1:24-CV-12413-FDS |

**DEFENDANT BTL INDUSTRIES, INC.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Defendant BTL Industries, Inc. respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a) and 12(f), to strike paragraphs 19 (b), (d), (f), (g), (i), (k), (o), (p), (q), and (r) from Plaintiffs' Second Amended Complaint (Dkt. 42). This Court's January 15, 2026 Memorandum and Order (Dkt. 40) (the "Order") instructed Plaintiffs not to add each of the alleged representations in those sub-paragraphs because they are categorically not "fraud." *See* Order at 19–21, 30–33. In spite of the Court's Order, Plaintiffs included all of these allegations in their Second Amended Complaint, alleging that BTL "fraudulently misrepresent[ed]," "lied," or otherwise made "knowingly false statements" about the claims in each sub-paragraph to allegedly "induce" Plaintiffs' purchase of BTL equipment.[1] Plaintiffs' inclusion of these dismissed and

---

[1] The Court's Order refers to Paragraph 25 subsections (o), (p), (q), and (r) in the then-proposed second amended complaint (Dkt. 33-2), which are identical to Paragraph 19 subsections (o), (p), (q), and (r) in the Second Amended Complaint filed on January 29, 2026 (Dkt. 42), and Paragraph 15 subsections (b), (d), (f), (g), (i) and (k) in Plaintiffs' then-operative amended complaint (Dkt. 21-1), which are identical to Paragraph 19 subsections (b), (d), (f), (g), (i) and (k) in the operative Second Amended Complaint.

barred allegations violates both Rule 15(a)(2) and this Court's Order, and it warrants relief under Rule 12(f).

## BACKGROUND

On January 15, 2026, the Court issued its Order resolving BTL's motion to dismiss and Plaintiffs' motion for leave to file a Second Amended Complaint.

The Court first addressed the allegations in Plaintiffs' then-operative amended complaint, finding six of the alleged fraudulent statements "clearly constitute opinion, puffery, or non-actionable projections." Order at 20. Because these allegations are—as a matter of law—not fraud, the Court granted BTL's motion to dismiss Plaintiffs' fraud claim "to the extent it is based on the statements alleged in subparagraphs 15(b), (d), (f), (g), (i), and (k)[.]" *Id.* at 21; *see also id.* at 32 (granting BTL's motion to dismiss "as to the allegations in paragraphs 15(b), (d), (f), (g), (i), and (k)").

The Court then turned to the allegations in Plaintiffs' proposed second amended complaint, the subject of Plaintiffs' motion for leave to amend. After evaluating ten new misrepresentations alleged by Plaintiffs, the Court held that four were not actionable as a matter of law because they were "prediction[s] about the future," "express[ions of] opinion," or examples of "classic puffery or a negotiating tactic." *Id.* at 31. Because these proposed amended allegations would have been futile, the Court denied Plaintiffs leave "to add . . . claims for misrepresentation based on the allegedly false statements set forth in paragraphs 25(o), (p), (q), and (r) of the second amended complaint." Order at 32.

The Court directed Plaintiffs to file a revised second amended complaint "in conformance with [the Order] within 14 days." *Id.* at 33. When Plaintiffs filed their revised Second Amended Complaint on January 29, 2026 (Dkt. 42), it was not compliant with the Court's Order. Instead,

2

and in spite of this Court's explicit instructions, Plaintiffs included all ten of the dismissed or futile sub-paragraphs verbatim as Paragraphs 19(b), (d), (f), (g), (i), (k), (o), (p), (q), and (r). Moreover, Plaintiffs incorporated these allegations by reference into both Count I (Fraud) and Count II (Sherman Act), which sweeps in the barred allegations directly into both counts. *See* Dkt. 42 ¶¶ 67, 73 (incorporating by reference "each and every allegation set forth above in paragraphs 1–66").

BTL met and conferred with Plaintiffs regarding the allegations that are the subject to this motion, asking that Plaintiffs amend the complaint in compliance with the Court's order and remove them. Plaintiffs declined to do so.

## LEGAL STANDARD

After a party's time to amend as a matter of course has run, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If a party includes allegations in its amended pleading beyond that which the court has granted leave, the court may strike the improperly included allegations. *See, e.g.*, *F.D.I.C. v. Kooyoijian*, 220 F.3d 10, 15 (1st Cir. 2000) (finding claims added without necessary leave or consent "properly struck"). And where a pleading presents "redundant, immaterial, impertinent, or scandalous matter," a court may strike material from the pleading. Fed. R. Civ. P. 12(f).

## ARGUMENT

Plaintiffs have amended their complaint in defiance of this Court's order and in violation of Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a plaintiff "may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). In its Order, the Court did not grant a blanket leave to amend; instead, the Order unambiguously **dismissed** 15(b), (d), (f), (g), (i), and (k) of the first amended complaint,

**denied** leave to include paragraphs 19(o), (p), (q), and (r) from the proposed second amended complaint, and **ordered** Plaintiffs to file a complaint in conformance with its rulings. Plaintiffs nonetheless realleged all ten of those sub-paragraphs verbatim in their operative Second Amended Complaint.

The Court should strike these improper allegations from the Second Amended Complaint. Courts in the First Circuit and elsewhere routinely strike allegations from an amended pleading where a plaintiff adds allegations or claims without proper consent or leave. *See F.D.I.C. v. Kooyoijian*, 220 F.3d 10, 15 (1st Cir. 2000) (finding claims added without necessary leave or consent "properly struck"); *see also BEG Invs., LLC v. Alberti*, No. 13-CV-0182, 2015 WL 1324416, at *6 (D.D.C. Mar. 24, 2015) (striking entire pleading when party did not obtain leave of court or consent to amend); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 564–65 (S.D. Tex. 2012), *aff'd* 534 F. App'x 266 (5th Cir. 2013) (striking second amended complaint where plaintiff did not seek consent or receive leave of court). And this Court has struck amended pleadings where they "simply repeated the substantive allegations of the original complaint." *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019). Here, the Court's Order did not grant Plaintiffs leave to re-allege facts or claims this Court had dismissed with prejudice or found futile as a matter of law. *Cf. McCabe v. Ford Motor Co.*, 774 F. Supp. 3d 349, 368 (D. Mass. 2025) (dismissing—again—several claims the court had previously dismissed with prejudice because, even though the court granted leave to amend, those dismissed claims "cannot be resurrected through the vehicle of the amended consolidated complaint").

The paragraphs are also independently subject to being stricken as immaterial and impertinent. The Court has already determined, as a matter of law, that each statement is non-actionable:

- Paragraphs 19(b), (d), (f), (g), (i), and (k) each "clearly constitute opinion, puffery, or non-actionable projections";

- Paragraph 19(o) is an "optimistic prediction about the future";

- Paragraph 19(p) "expresses an opinion";

- Paragraph 19(q) is "classic puffery or a negotiating tactic"; and

- Paragraph 19(r) is nothing more than a "prediction" about future events.

*See* Order at 20 & 30–31. These allegations have no relationship to any permissible claim for relief and serve only to burden the record. *Cf. In re Alstom SA*, 454 F. Supp. 2d 187, 216 (S.D.N.Y. 2006) (striking allegations in a second amended complaint that were previously dismissed, noting that plaintiff's purported "acknowledgment that they are not at this time pursuing these claims" only "provide[d] further basis for [defendants'] request that the claims be stricken from the SAC" because they were "immaterial" to the allegations that survived dismissal and "render[ed] an already lengthy complaint all the more unwieldy"). The problem is compounded by Plaintiffs' blanket incorporation clauses in Counts I and II, which reallege all of Paragraphs 1–66, thereby channeling the barred allegations directly into the fraud count. At the very least, the Court should strike Paragraphs 19(b), (d), (f), (g), (i), (k), (o), (p), (q), and (r) of Plaintiffs' Second Amended Complaint.

Finally, the Court should not grant Plaintiffs any further leave to amend. The Court's Order put Plaintiffs on notice of exactly which allegations were dismissed or prohibited. The Court has also already noted with "considerable misgivings" the pattern of delay in this case. Order at 27. Permitting Plaintiffs to cure this violation through yet another amendment would reward noncompliance with a court order and further prejudice BTL.

## **CONCLUSION**

For the foregoing reasons, BTL respectfully requests that this Court enter an Order striking Paragraphs 19(b), (d), (f), (g), (i), (k), (o), (p), (q), and (r) from Plaintiffs' Second Amended Complaint (Dkt. 42) with prejudice, including an instruction that the incorporation-by-reference clauses in Count I (*id.* ¶ 67) and Count II (*id.* ¶ 73) shall not be construed to incorporate those stricken paragraphs.

Dated: March 19, 2026

Respectfully submitted,

*/s/ Molly E. Flynn*
**BARNES & THORNBURG LLP**

Molly E. Flynn (admitted *pro hac vice*)
1717 Arch Street
Suite 4900
Philadelphia, PA 19103-2825
Tel: (445) 201-8910
Fax: (445) 201 8901
Molly.Flynn@btlaw.com

Heather B. Repicky (BBO # 663347)
Alison C. Casey (BBO # 688253)
Adriana Anita Libutti (BBO # 711815)
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel: (617) 316-5310
Fax: (617) 316-5311
hrepicky@btlaw.com
acasey@btlaw.com
adriana.libutti@btlaw.com

*Counsel for Defendant BTL Industries, Inc.*